BUCHALTER NEMER
A Professional Corporation
GLENN P. ZWANG (SBN: 112295)
IVO KELLER (SBN: 245909)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: gzwang@buchalter.com

Attorneys for Plaintiffs
ROSS DRESS FOR LESS, INC. and
ROSS STORES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSS DRESS FOR LESS, INC., a Virginia corporation; and ROSS STORES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DALY CITY PARTNERS II, L.P., a California limited partnership; PRISM CAPITAL CORPORATION, a Delaware corporation; and DOES 1-150, inclusive,<br><br>Defendants | CASE NO. 3:15-cv-5640<br><br>**COMPLAINT FOR VIOLATION OF TRADEMARK; VIOLATION OF STATE UNFAIR COMPETITION LAWS; AND BREACH OF CONTRACT** |

Plaintiffs ROSS DRESS FOR LESS, INC. and ROSS STORES, INC. (collectively, "Ross") allege as follows

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) because this Complaint alleges a trademark violation under the Lanham Act.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(a) since a substantial part of the events occurred in this district. This district is where the "Sign" discussed below was

-1-

**COMPLAINT FOR VIOLATION OF TRADEMARK; VIOLATION OF STATE UNFAIR COMPETITION LAWS; AND BREACH OF CONTRACT**

posted, where Ross incurred the damages resulting from posting of the Sign, and where injunctive relief must be implemented.

**PARTIES**

3. Ross Dress for Less, Inc. is a Virginia corporation qualified to do business and doing business in California.

4. Ross Stores, Inc. is a Delaware corporation qualified to do business and doing business in California. Ross Dress for Less, Inc. is a wholly-owned subsidiary of Ross Stores, Inc.

5. Ross is informed and believes and on that basis alleges that DALY CITY PARTNERS II, L.P. ("Landlord") is a California limited partnership.

6. Ross is informed and believes and on that basis alleges that PRISM CAPITAL CORPORATION ("Prism") is a Delaware corporation, and that Prism is the General Partner of Landlord.

7. Ross is unaware of the true names of the Defendants sued herein under the fictitious names of Does 1-150.

8. Ross is informed and believes and on that basis alleges that each of the Defendants is obligated to perform the obligations of Landlord under the Lease, as hereafter set forth.

9. Ross is informed and believes and on that basis alleges that at all times mentioned herein each of the Defendants were and are now, the agents, servants, and/or employees of their co-Defendants, and each of them, and in doing or omitting to do the acts and things herein complained of, were acting within the course and scope of said agency, service and/or employment, and/or that all of said acts and/or omissions were authorized and/or ratified by said co-Defendants, and/or were done with their knowledge and/or consent. Ross will amend this Complaint to show each such relationship to conform to proof, or upon order of this Court.

**GENERAL ALLEGATIONS**

10. The dispute which is the subject of this action arises out of a retail lease for a Ross Dress for Less store at the southeast corner of Gellert and Serramonte Boulevards, Daly City,

California (the "Store"), in a shopping center commonly known as Serramonte Plaza (the "Shopping Center").

11. In 1997, Landlord and Ross Stores, Inc., as Tenant, entered into a lease for the Store (the "Lease"). Ross Stores, Inc. thereafter assigned its interest as Tenant to Ross Dress for Less, Inc., which is the current Tenant. A true and correct copy of the Lease is attached hereto as Exhibit 1.

12. The Lease had an initial ten-year term with two five-year extension options, which Ross exercised. The term is set to expire on January 31, 2018, with no further extension options.

13. Sections 2.1(i) and 2.1(s) of the Lease entitle Ross to exclusive use of the Store, including the surface of the exterior walls, during the Lease term.

14. Article 24 of the Lease provides in pertinent part: "Tenant shall peaceably and quietly have, hold and enjoy the Store with all appurtenances during the Term and without any manner of hindrance or interference with its quite enjoyment, possession and use."

15. Article 34 permits Ross to post signs in various locations on the exterior of the Store, but does not permit Landlord to post any such signs.

16. In mid-November 2015, Landlord posted a sign (the "Sign") on the outside of the Store which reads: "ROSS SPACE FOR LEASE 415-273-0398." Landlord posted the Sign without Ross's consent, and despite the fact that over two years remain on the Lease term.

17. Ross informed Landlord that the Sign was causing customers to question whether the Store is imminently closing, hurting Ross's business; and that Landlord was infringing upon Ross's trademark and was in breach of the Lease by posting the Sign. Ross demanded that Landlord immediately remove the Sign.

18. Landlord failed and refused to remove the Sign. Ross, through a contractor, therefore removed it.

19. However, at approximately the same time, Landlord posted a second copy of the same Sign, with the same text, near the Shopping Center entrance that leads to the Store in the location marked with an "X" on the satellite photo attached hereto as Exhibit 2.

20. Ross again informed Landlord that posting the Sign constituted a violation of Ross's trademark rights and a breach of the Lease, and demanded that Landlord remove the Sign. Landlord failed and refused to remove the Sign, and Ross, through a contractor, therefore removed it.

21. At Landlord's request, Ross returned both copies of the Sign to Landlord. On the same day, December 5, Landlord reposted what appears to be the second copy of the Sign, with the same text, at an entrance to the Shopping Center in the location marked with an "O" in Exhibit 2.

## FIRST CAUSE OF ACTION

**For Damages for Trademark Dilution Under The Lanham Act, 15 U.S.C. § 1125**

**(Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 1-25)**

22. Ross repeats and realleges the allegations contained in Paragraphs 1 through 21 of its Complaint and incorporates the same as though fully set forth herein.

23. The "Ross" name has been a registered trademark of Ross since June 2003.

24. The "Ross" name is used on 1276 stores nationwide and 273 in California alone, has been in use for decades, and is a nationally recognized name referring to Ross Dress for Less stores. Ross's television commercials, and its customers, frequently refer to "Ross" when referring to Ross Dress for Less stores. Ross is a Fortune 500 company with sales of over $11 billion annually. Ross spent approximately $72 million advertising in fiscal year 2014, $70 million in 2013, and $67 million in 2012.[1]

25. The Sign proposes a commercial transaction – the leasing of the "ROSS SPACE."

26. Ross's use of the "Ross" name began decades before Landlord posted the Sign.

27. Ross' customers are confused by the Sign. The Sign has and will cause customers and potential customers to believe that Ross is closing the Store, or that the Store is already closed; and that Ross is either advertising the Store for lease, or sponsoring or endorsing the

---

[1] These figures include Ross's expenditures on advertisements for the "Ross Dress for Less" and "dd's Discounts" chains. Ross owns 172 dd's Discounts stores nationwide, and 74 in California.

search for a new tenant. Landlord's use of the "Ross" name also harms the reputation of the mark because the Sign gives consumers the mistaken impression that the Store is performing poorly and about to close, when in fact the Store is performing very well, with sales that are substantially above Ross's average sales volume.

28. As a direct and proximate result of Landlord's trademark dilution, Ross has suffered damages in excess of $75,000, and according to proof at trial.

29. Landlord has and continues to willfully violate Ross' trademark rights. Landlord began using Ross's trademark in commerce in November 2015. At least twice, Ross had demanded that Landlord cease and desist from using Ross' trademark in its Sign. Landlord refuses to comply, and instead continues to post the Sign, causing injury to Ross. Because Landlord has willfully and intentionally violated Ross's trademark, Ross is entitled to trebled the amount of its damages.

Wherefore, Ross prays for judgment as hereafter set forth.

## SECOND CAUSE OF ACTION

**For Injunctive Relief Under the Lanham Act, 15 U.S.C. § 1125(c)(1)**

**(Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 26-50)**

30. Ross repeats and realleges the allegations contained in Paragraphs 1 through 29 of its Complaint and incorporates the same as though fully set forth herein.

31. Under 15 U.S.C. 1125(c)(1), in addition to damages Ross is entitled to injunctive relief to prevent Landlord from violating Ross' trademark rights.

32. The "Ross" trademark is distinctive, through acquired distinctiveness, because of the long-standing and widespread use and advertisement of the mark, as alleged above.

33. Landlord commenced use of the "Ross" trademark in November 2015, long after the mark became famous.

34. Landlord's use of the "Ross" trademark is likely to cause dilution by tarnishment because the use harms the reputation of the mark, as alleged above.

**COMPLAINT FOR VIOLATION OF TRADEMARK; VIOLATION OF STATE UNFAIR COMPETITION LAWS; AND BREACH OF CONTRACT**

35. As a result of the foregoing, Ross is entitled to a temporary restraining order, and a preliminary and permanent injunction:

    (a) Enjoining Landlord, Prism, and all of their respective officers, agents, brokers, employees, contractors, representatives, and all persons directly or indirectly acting in concert with or at the direction of Landlord or Prism (collectively, the "Landlord Parties") from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

        i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

        ii. using the Ross name in any advertisements for the space occupied by the Store; and

    (b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

Wherefore, Ross prays for judgment as hereafter set forth.

## THIRD CAUSE OF ACTION

**For Injunctive Relief Under Cal. Bus. & Profs. Code § 14247**

**(Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 51-75)**

36. Ross repeats and realleges the allegations contained in Paragraphs 1 through 35 of its Complaint and incorporates the same as though fully set forth herein.

37. Based on the facts alleged above, the "Ross" name is widely recognized by the general consuming public of the State of California.

38. Landlord's unauthorized use of Ross's trademark, as alleged above, violates California Business & Professions Code § 14247.

39. As a result of the foregoing, Ross is entitled to a temporary restraining order, and a preliminary and permanent injunction:

    (a) Enjoining the Landlord Parties from violating the trademark and trade name

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

rights of Ross in any manner, including without limitation by:

    i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

    ii. using the Ross name in any advertisements for the space occupied by the Store; and

(b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

Wherefore, Ross prays for judgment as hereafter set forth.

## FOURTH CAUSE OF ACTION

**For Unfair Competition Under Cal. Bus. & Profs. Code §§ 17200 *et seq.***

**(Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 76-100)**

40.    Ross repeats and realleges the allegations contained in Paragraphs 1 through 39 of its Complaint and incorporates the same as though fully set forth herein.

41.    Landlord's use of the "Ross" name constitutes an unlawful business act or practice under California Business & Professions Code § 17200 because the use violates the Lanham Act and California Business & Professions Code § 14247, as alleged above.

42.    Ross is therefore entitled to a temporary restraining order, and a preliminary and permanent injunction, under California Business & Professions Code § 17203, as follows:

(a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

    i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

    ii. using the Ross name in any advertisements for the space occupied by the Store; and

(b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

Wherefore, Ross prays for judgment as hereafter set forth.

## FIFTH CAUSE OF ACTION

### For Damages for Breach of Lease

### (Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 101-125)

43. Ross repeats and realleges the allegations contained in Paragraphs 1 through 42 of its Complaint and incorporates the same as though fully set forth herein.

44. Landlord's posting of the Sign on the Store violates Ross's right to exclusive use of the Store, including the surface of exterior walls, under Sections 2.1(i) and (s) of the Lease.

45. Landlord's posting of the Sign constitutes a breach of Landlord's covenant of quiet enjoyment under Article 24 of the Lease, because it interferes with the purpose for which Ross is leasing the property – i.e., the operation of a retail store.

46. Landlord's posting of the Sign on the Store also constituted a breach of Ross' rights, and Landlord's obligations, under Article 34 of the Lease, relating to the posting of signs.

47. Ross has satisfied all obligations to be performed by it under the Lease, except those obligations performance of which was excused due to Landlord's breach.

48. Landlord's Sign has caused existing customers to question whether the Store will imminently close, and to decide not to return to the Store, hurting Ross's business; and has caused potential new customers to decide not to visit the Store.

49. As a direct and proximate result of Landlord's breach of the lease, Ross has suffered damages in excess of $75,000, and according to proof at trial.

50. Under the Lease, Ross is entitled to recover its reasonable attorneys' fees, costs of suit, investigation costs, and discovery costs from Landlord.

Wherefore, Ross prays for judgment as hereafter set forth.

## SIXTH CAUSE OF ACTION

**For Injunctive Relief for Breach of Lease, Cal. Code Civ. Proc. §§ 526 and 527**

**(Against Defendants DALY CITY PARTNERS II, L.P., PRISM CAPITAL CORPORATION and Does 126-150)**

51. Ross repeats and realleges the allegations contained in Paragraphs 1 through 50 of its Complaint and incorporates the same as though fully set forth herein.

52. Landlord's posting of the Sign on the Store violates Ross's right to exclusive use of the Store, including the surface of exterior walls, under Sections 2.1(i) and (s) of the Lease.

53. Landlord's posting of the Sign breaches the covenant of quiet enjoyment in Article 24 of the Lease, and Landlord's obligations under Article 34 of the Lease relating to the posting of signs.

54. Landlord's obligations under Article 24 and Article 34 of the Lease are subject to specific enforcement.

55. Ross has no plain and speedy remedy in law, and will suffer irreparable harm in that Landlord's actions have and will cause Ross' customers and potential customers to believe that Ross is closing the Store. As a result, customers and potential customers have and will avoid shopping at the Store, and the value of the "Ross" brand will be diluted by the appearance of a Ross store going out of business.

56. Ross is therefore entitled to a temporary restraining order, and a preliminary and permanent injunction, under California Code of Civil Procedure §§ 526 and 527, as follows:

    (a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

        i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

        ii. using the Ross name in any advertisements for the space occupied by the Store; and

    (b) Enjoining the Landlord Parties from posting any advertisements or signs on the

Store, including without limitation the exterior walls of the Store.

Wherefore, Ross prays for judgment as hereafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Ross prays for relief and judgment as follows:

**On The First Cause of Action for Trademark Dilution Under The Lanham Act**

1. For damages of at least $75,000, and according to proof;

2. For treble the amount of Ross' damages for willfully violating Ross' trademark rights; and

**On The Second Cause of Action For Injunctive Relief Under the Lanham Act**

3. For a temporary restraining order, and a preliminary and permanent injunction:

   (a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

   i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

   ii. using the Ross name in any advertisements for the space occupied by the Store; and

   (b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

**On The Third Cause of Action For Injunctive Relief Under Cal. Bus. & Profs. Code § 14247**

4. For a temporary restraining order, and a preliminary and permanent injunction:

   (a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

   i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

   ii. using the Ross name in any advertisements for the space occupied by the Store; and

   (b) Enjoining the Landlord Parties from posting any advertisements or signs on

1 the Store, including without limitation the exterior walls of the Store.

**On The Fourth Cause of Action For Unfair Competition**

5. For a temporary restraining order, and a preliminary and permanent injunction:

   (a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

      i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

      ii. using the Ross name in any advertisements for the space occupied by the Store; and

   (b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

**On The Fifth Cause of Action For Damages for Breach of Lease**

6. For damages of at least $75,000, and according to proof;

**On The Sixth Cause of Action For Injunctive Relief for Breach of Lease**

7. For a temporary restraining order, and a preliminary and permanent injunction:

   (a) Enjoining the Landlord Parties from violating the trademark and trade name rights of Ross in any manner, including without limitation by:

      i. using the Ross name in any public advertisements or signs except as expressly allowed pursuant to Section 34.2 of the Lease; and

      ii. using the Ross name in any advertisements for the space occupied by the Store; and

   (b) Enjoining the Landlord Parties from posting any advertisements or signs on the Store, including without limitation the exterior walls of the Store.

**On All Causes of Action**

8. For costs of suit, including reasonable attorney's fees; and

9. For such other and further relief as the Court deems just and proper.

DATED:  December 9, 2015

BUCHALTER NEMER
A Professional Corporation

By:  _____/s/_____
GLENN ZWANG
Attorneys for Plaintiffs ROSS DRESS FOR LESS, INC. and ROSS STORES, INC.