UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS DRESS FOR LESS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DALY CITY PARTNERS II, L.P., et al.,<br><br>Defendants. | Case No. 15-cv-05640-JSW<br><br>**ORDER DENYING, WITHOUT PREJUDICE, APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Docket No. 12 |

Now before the Court for consideration is the application for a temporary restraining order ("TRO"), filed by Plaintiffs Ross Dress for Less, Inc. and Ross Stores, Inc. (collectively "Ross"). The Court has considered Ross' papers, and it finds a response from Defendants is not required.[1] For the reasons that follow, the Court DENIES Ross' application for a TRO without prejudice to filing a properly noticed motion for a preliminary injunction.

## BACKGROUND

On or about February 5, 1997, Ross and Defendant Daly City Partners II, L.P. ("Landlord")[2] entered into lease for space for a Ross Dress for Less Store at Serramonte Plaza (the "Store"), which is due to expire in January 2018. (Compl. ¶¶ 10-12 & Ex. 1 (Lease); Declaration of John Fox ("Fox Decl."); ¶¶ 1-4, Ex. A (Lease).) Based on the record, it appears that the lease will not be extended. (Compl. ¶ 12; Fox Decl., ¶¶ 4, 8 & Ex. F.)

---

[1] Ross' brief contains footnotes that do not comply with Northern District Civil Local Rule 3-4(c)(2). The Court HEREBY ADVISES **all parties** that failure to comply with that rule in the future, shall result in the Court striking offending pleadings and briefs from the record without further notice.

[2] Defendant Prism Capital Corporation is alleged to be Landlord's general partner. (Compl. ¶ 6.) The Court shall refer to Prism and Daly City collectively as the "Landlord Parties" for ease of reference.

1    "The 'Ross' name has been a registered trademark of Ross since June 2003."  (Compl. ¶
2    23; Declaration of Gregg McGillis ("McGillis Decl."), ¶ 5, Ex. A (USPTO printout noting filing
3    date of June 20, 2013 and registration date of July 27, 2004).)  The instant dispute arises because
4    the Landlord Parties have advertised the fact that the Store space is for lease by posting signs
5    stating: "Ross Space for Lease 415-273-0398."  The Landlord parties posted one such sign on the
6    exterior of the Store and subsequently posted a similar sign at two other locations on Serramonte
7    Plaza property.  (Compl. ¶¶ 16, 19-21 & Exs. 2-3; Fox. Decl. ¶¶ 5-9 & Exs. B-D, G.)

8    Ross alleges that, by these actions, the Landlord Parties have diluted the "Ross" trademark
9    and have breached various provisions of the lease, including a covenant of quiet enjoyment.
10   (Compl. ¶¶ 22-56.)  Ross asks the Court to enter a temporary restraining order that would prohibit
11   the Landlord Parties from using the Ross trademark to advertise the fact that the Store space is for
12   lease.

13   According to Ross, if the Landlord Parties continue to engage in this conduct, "customers
14   and potential customers will continue to form the mistaken belief that the Store is about to close,
15   or has already closed," and "the perception that the Store is performing poorly and about to close
16   will do irreparable harm to Ross' goodwill and reputation among customers in the area."  (*See*
17   Declaration of Greg McGillis, ¶¶ 3-4.)

## ANALYSIS

19   Ross seeks a TRO based on each of its claims for relief.  It contends that the irreparable
20   harm that would justify issuance of the TRO is harm to its goodwill and reputation, and its fear
21   that customers may take their business elsewhere, which materially interferes with its right to quiet
22   enjoyment under the Lease.

23   In order to obtain a TRO, Ross "must establish that [it is] likely to succeed on the merits,
24   that [it is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
25   equities tips in [its] favor, and that an injunction is in the public interest."  *Winter v. Natural*
26   *Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted).  The *Winter* court also
27   noted that, because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a
28   clear showing that the plaintiff is entitled to such relief."  Id. at 22 (citing *Mazurek v. Armstrong*,

520 U.S. 968, 972 (1997) (per curiam)).  Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *Id.* at 24 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).  "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'"  *Id.* (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

        The Ninth Circuit has stated its "serious questions" sliding scale approach survives *Winter*, whereby a court may grant preliminary injunctive relief if a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor."  *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (hereinafter "*Cottrell*") (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) ("*Lands Council*"), *overruled on other grounds by Winter*, 555 U.S. at 22).  Whether a plaintiff establishes a likelihood of success on the merits or establishes serious questions going to the merits, that plaintiff still must show the likelihood of irreparable harm and that the public interest favors an injunction.  *Cotrell*, 632 F.3d at 1135.

        The Ninth Circuit has held that a trademark owner is no longer entitled to a presumption of irreparable harm if it demonstrates likelihood of success on the merits of its claim.  *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013).  Thus, even upon a showing of likelihood of success on the merits, a plaintiff must put forth evidence that irreparable harm is likely, and not merely speculative or possible.

        The Court finds that Ross has not met its burden to show that a temporary restraining order is required.  First, Ross has not shown that any exigency exists that would require emergent and immediate relief in the form of a temporary restraining order.  Second, assuming for the sake of argument that Ross would meet its burden to show a likelihood of success on the merits of its claims, Ross' showing of irreparable harm is based on statements set forth in the McGillis declaration.  "Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm."  *Herb Reed Enterprises*, 736 F.3d at 1250.  However, the Court finds that the McGillis declaration is not sufficient to establish that irreparable harm based on injury to

3

1  Ross' reputation or goodwill is likely, rather than merely speculative or possible.  The Court finds
2  that the same is true for any injury based on interference with the Lease's covenant of quiet
3  enjoyment.
4      Accordingly, the Court DENIES the application for a TRO, without prejudice to Ross
5  renewing its request by way of a properly noticed motion for a preliminary injunction.  Ross shall
6  serve a copy of this Order on Defendants, and shall file proof of such service with the Court.
7  **IT IS SO ORDERED.**
8  Dated: December 16, 2015

_____
JEFFREY S. WHITE
United States District Judge